UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-09050 JAK (FFMx) | Date | May 13, 2020 |
| Title | Colorado Seasons, Inc. v. Daniel R. Friedenthal et al. | | |

#

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO REMAND TO STATE COURT (DKT. 17)**

### I. Introduction

On October 16, 2019, Colorado Seasons, Inc. ("Plaintiff") brought this action in the Los Angeles Superior Court (the "LASC") against defendants Daniel R. Friedenthal ("Friedenthal"), Friedenthal, Heffernan & Brown, LLP ("FHB"), Hartford Casualty Insurance Company ("Hartford") and Hartford Insurance Group ("Hartford Group" and, collectively, "Hartford Defendants"). Dkt. 1-1.[1] The Complaint advanced four causes of action: (i) equitable relief, (ii) breach of fiduciary duty, (iii) breach of contract, and (iv) bad faith. Dkt. 1-1 at 2. The claims arise from a dispute as to insurance coverage and legal defense provided in the underlying state court litigation brought by Plaintiff against other parties, and in which one defendant brought a cross-complaint, i.e., "counterclaim," against Plaintiff. (the "Underlying Action"). Dkt. 1-1 ¶¶ 1-33.[2]

On October 21, 2019, Hartford removed the action under 28 U.S.C. §§ 1332, 1441(a), (b), and 1446. Dkt. 1 at 1. On November 14, 2019, Plaintiff filed a Motion for Remand to State Court (the "Motion"). Dkt. 17. On December 5, 2019, Hartford filed an opposition (the "Opposition"). Dkt. 20. On December 13, 2019, Plaintiff filed a reply (the "Reply"). Dkt. 22. A hearing on the Motion was conducted on March 9, 2020, and it was taken under submission. Dkt. 32. For the reasons stated in this Order, the Motion is **DENIED**, and a separate scheduling order is entered.

### II. Factual and Procedural Background

#### A. Chronology of Filing and Service

On Wednesday, October 16, 2019, at 2:47 p.m., the Complaint was filed. Dkt. 1-1 at 2. The summons was also filed electronically that day. Declaration of Stephen L. Thomas ("Thomas Declaration"),

---

[1] Hartford states that, "[w]hile Defendant The Hartford Insurance Group is named as a defendant to this action, it is not a legal entity. Rather, it is a trade name that cannot be sued. Defendant The Hartford Insurance Group is not a proper entity to this action and should not be considered for diversity purposes." Dkt. 1 at 2.
[2] *Colorado Seasons, Inc. v. Art Brand Studios, LLC, et al.*, No. BC616745 (Los Angeles Superior Court).

#

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09050 JAK (FFMx) | Date | May 13, 2020 |
|---|---|---|---|
| Title | Colorado Seasons, Inc. v. Daniel R. Friedenthal et al. | | |

Dkt. 17-2 ¶ 5. On Thursday, October 17, 2019, due to what has been deemed a "typographical error on the summons," the Superior Court "did not issue or return the summons but instead issued a rejection of the summons." *id.*; *see also* Ex. A, Dkt. 17-2 at 5 ("Summons . . . Oct 17 . . . REJECTED . . .   Reject Reason(s): Other: Summons does not match the complaint.").[3] On Friday, October 18, 2019, Plaintiff's Counsel "caused an amended summons to be filed electronically." Dkt. 17-2 ¶ 5.

By Monday, October 21, 2019, the summons was issued and returned to Plaintiff's counsel's, but the Thomas Declaration does not state the time it was received. Dkt. 17-2 ¶ 5. Also on Monday, October 21, 2019, Hartford filed the Notice of Removal at 5:25 p.m. *See* Dkt. 1 (Notice of Electronic Filing); Dkt. 20-2.

Plaintiff's counsel declares that, on Wednesday, October 23, 2019, FHB was served with the state summons and complaint and that, on Friday, October 25, 2019, Friedenthal was served with the summons and complaint. Dkt. 17-2 ¶ 10. Plaintiff's counsel does not state whether Hartford was served with the summons and complaint.

      B.    Citizenship of the Parties for Purposes of Diversity Jurisdiction

Plaintiff is a Colorado corporation. Dkt. 1-1 ¶ 1. The Complaint alleges that Friedenthal is an attorney domiciled and doing business in California and that FHB is the law firm at which he practices. *Id.* ¶ 2. Hartford is an Indiana corporation with its principal place of business in Connecticut. Dkt. 20-3 at 2.

**III.**    **Analysis**

    A.    Legal Standards

        1.    <u>Diversity Jurisdiction and Removal</u>

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). In general, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004).

Under 28 U.S.C. § 1441(b)(2), an action removable solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is commonly referred to as the "forum defendant" rule against removal. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). In contrast to the jurisdictional requirement under 28 U.S.C. § 1332(a)(1) for complete

---

[3] Hartford claims that the typographical error was that Plaintiff stated that Hartford is incorporated in Connecticut rather than Indiana. Dkt. 20 at 9 n.1. Plaintiff claims that the typographical error was identifying Hartford as "Ins. Co." on one document and "Insurance Company" on another. Dkt. 22 at 3 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09050 JAK (FFMx) | | Date | May 13, 2020 |
|---|---|---|---|---|
| Title | Colorado Seasons, Inc. v. Daniel R. Friedenthal et al. | | | |

diversity between the parties (*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)), the forum defendant rule applies as a procedural rule governing the propriety of removal and is not a jurisdictional rule. *Lively*, 456 F.3d at 936.

    2.    <u>Snap Removal</u>

        a)    Background

The issue presented by the Motion is whether the forum defendant rule requires remand of an action under 28 U.S.C. § 1447 where removal occurred before the diverse forum defendant was served in the underlying state action. Such a removal is referred to as "snap removal." Georgene Vairo, 16 *Moore's Federal Practice - Civil* § 107.55. The Ninth Circuit has not addressed this question regarding snap removal although out-of-circuit precedent now provides guidance. *See Khashan v. Ghasemi*, No. CV10-00543 MMM (CWx), 2010 WL 1444884, at *3 (C.D. Cal. Apr. 5, 2010) (identifying a footnote from an Eighth Circuit opinion as "the only indication by any circuit court regarding the proper interpretation of the statutory language" as of 2010). The Second and Third Circuits have held recently that snap removal is permitted. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018). Following the hearing on the Motion, the Fifth Circuit agreed with the Second and Third Circuits. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.,* 955 F.3d 482, 486 (5th Cir. 2020).[4]

Before *Gibbons*, *Encompass* and *Texas Brine*, district courts within California "divide[d] into two camps, one favoring removal, the other remand." *Black v. Monster Beverage Corp.*, No. ED CV 15-02203-MWF (DTBx), 2016 WL 81474, at *3 (C.D. Cal. Jan. 7, 2016) (quoting *Regal Stone Ltd. v. Longs Drug Stores Cal., LLC*, 881 F. Supp. 3d 1123, 1128 (N.D. Cal. 2012)). The text of 28 U.S.C. § 1441(b)(2) states than an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," but "[t]he strong consensus in the Central District, however, is to focus on the purpose and not the literal language of § 1441(b)(2)." *Black*, 2016 WL 81474, at *3. This consensus is based on *Khashan*, 2010 WL 1444884, and *Standing v. Watson Pharms., Inc.*, No. CV09-527 DOC (ANx), 2009 WL 842211, at *4 (C.D. Cal. Mar. 26, 2009).

Prior to the recent decisions by the Second and Third Circuits, courts distinguished between snap removal by forum and non-forum defendants. *Black* held that snap removal by a forum defendant was "particularly inappropriate" and adhered to "the rule articulated in *Khasan* and *Standing*: forum defendants may not remove the action to federal court unless they were fraudulently joined." 2016 WL 81474, at *4-5; *see also Wilder v. Bank of Am., N.A.*, No. CV-14-00670-MMM-CWx, 2014 WL 12591934, at *4 (C.D. Cal. June 30, 2014) ("The [forum-defendant] rule is inapplicable if the removal is effected by an out-of-state defendant before any local defendant is served, however.").

After *Encompass*, and later, *Gibbons*, some Central District opinions have permitted snap removal. *See, e.g., Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 920 (C.D. Cal. 2019) (Birotte, J.); *Zirkin v. Shandy Media, Inc.*, No. 2:18-CV-09207-ODW-SSx, 2019 WL 626138, at *2 (C.D. Cal.

---

[4] At least one pending Ninth Circuit appeal may present the issue. *See Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912 (C.D. Cal. 2019) (permitting snap removal and granting motion to dismiss); *see also id.*, No. 2:19-cv-01484 AB (PLAx) (C.D. Cal. Nov. 27, 2019), ECF No. 62 (Notice of Appeal).

Case 2:19-cv-09050-JAK-FFM   Document 40   Filed 05/13/20   Page 4 of 6   Page ID #:839

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09050 JAK (FFMx) | Date | May 13, 2020 |
|---|---|---|---|
| Title | Colorado Seasons, Inc. v. Daniel R. Friedenthal et al. | | |

Feb. 14, 2019); *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) (Birotte, J.). Others have not. *See, e.g., Jones v. KLLM Transp. Servs., LLC*, No. ED CV-19-01617-JGB-SHKx, 2019 WL 5080340, at *3 (C.D. Cal. Oct. 10, 2019); *Llanos v. Delta Air Lines, Inc.*, No. 2:19-CV-10757-VAP-ASx, 2020 WL 635477, at *4 (C.D. Cal. Feb. 11, 2020).

        b)        Statutory Interpretation

"It is well established that 'when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). "Statutory interpretation begins with the text of the statute." *Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 653 (9th Cir. 2014) (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)). "We do not look at statutory language in isolation, but consider 'the specific context in which that language is used, and the broader context of the statute as a whole.'" *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). "And where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft*, 525 U.S. at 438 (1999).

The plain meaning of § 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Dechow*, 358 F. Supp. 3d at 1054; *see also Gibbons*, 919 F.3d at 705 ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law . . . .").

As noted, even if the text of a statute is "plain and unambiguous," "well-accepted rules of statutory construction caution us that 'statutory interpretations which would produce absurd results are to be avoided.'" *Ariz. State Bd. For Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) (quoting *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004)); *see also United States v. Vance Crooked Arm*, 788 F.3d 1065, 1075-76 (9th Cir. 2015) ("We recognize, however, that our inquiry does not end at the plain meaning of the statute if giving effect to the plain meaning would lead to an absurd result or would be contrary to the clearly expressed intent of Congress."). "[W]e look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." *AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 483 (9th Cir. 2015) (Ikuta, J.) (quoting *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (en banc)).

Permitting snap removal does not necessarily cause an absurd result. Nor is it contrary to the clearly expressed intent of Congress. Preventing gamesmanship is one legislative purpose that is reflected in the forum defendant rule and the "properly joined and served" language. "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively*, 456 F.3d at 940. "The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Id.* Thus, the forum defendant rule protects against gamesmanship by home-state defendants seeking a federal forum who do not have the same fear of home-state bias as out-of-state defendants.

Congress also sought to limit gamesmanship by plaintiffs seeking to avoid a federal forum, because the "'properly joined and served' language, added to § 1441(b) in 1948, has widely been interpreted as reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09050 JAK (FFMx) | Date | May 13, 2020 |
|---|---|---|---|
| Title | Colorado Seasons, Inc. v. Daniel R. Friedenthal et al. | | |

removal." *Khashan*, 2010 WL 1444884, at *2. However, "[i]nterpreting 'joined and served' to permit pre-service removal by an in-state defendant does not impair the provision's anti-fraudulent joinder purpose, which focuses on what a plaintiff may or may not do to defeat diversity jurisdiction." *Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019).

*Gibbons* explains persuasively that "Congress may well have adopted the 'properly joined and served' requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Gibbons*, 919 F.3d at 706; *see also Encompass*, 902 F.3d at 153. Indeed, in applying the literal language of the statute to a hypothetical situation, *Jacob* reasoned that the text "does nothing to prevent a party from dutifully reviewing a court's docket, and promptly filing a notice of removal the moment a complaint is properly filed in order to dodge a state tribunal." 393 F. Supp. 3d at 921 n.3.

"The absurdity canon isn't a license . . . to disregard statutory text where it conflicts with our policy preferences; instead, it is confined to situations where it is quite impossible that Congress could have intended the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone." *Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1003 (9th Cir. 2015) (quoting *In re Hokulani Square, Inc.*, 776 F.3d 1083, 1088 (9th Cir. 2015)). Here, where these competing purposes -- preventing gamesmanship and providing a bright-line rule -- are present, permitting snap removal is not an absurd result that warrants a departure from the language of the statute.

This interpretation is also in accord with an interpretation by the Ninth Circuit of the same language in a similar statute. Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." This is commonly referred to as the unanimity rule, which is another non-jurisdictional, procedural requirement for removal. In applying § 1446(b)(2)(A), the Ninth Circuit interpreted "properly joined and served" to permit removal by a served defendant prior to the service of, and consent to removal by, another defendant. *Baiul v. NBC Sports*, 732 Fed. Appx. 529, 530-31 (9th Cir. 2018). This interpretation is consistent with previous practice in the Ninth Circuit before the specific language of § 1446(b)(2)(A) was enacted. *See Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *Emrich v. Touche & Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). This interpretation could permit some gamesmanship by a defendant who has been served. Such a party could remove an action prior to service of a co-defendant who may not have consented to removal.

In light of the text of § 1441(b)(2) and the cases that have interpreted it, § 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet "properly joined and served." A contrary interpretation would, in effect, either read "served" out of the statute or read into it a requirement of a fact-intensive inquiry to determine whether there was a reasonable opportunity for service of the unserved defendant prior to removal.

   B.   Application

Hartford filed the Notice of Removal on October 21, 2019, before forum defendants Friedenthal and FHB were served. Because no forum defendant had been "properly joined and served" before Hartford filed its Notice of Removal, the forum defendant rule under § 1441(b)(2) did not preclude removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-09050 JAK (FFMx) | Date | May 13, 2020 |
|---|---|---|---|
| Title | Colorado Seasons, Inc. v. Daniel R. Friedenthal et al. | | |

**IV.   Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer   cw